WESLEY v. TINDAL et al.

Ex parte VANCE.

(Circuit Court, D. South Carolina. July 2, 1897.)

1. EJECTMENT AGAINST STATE OFFICERS—ENFORCEMENT OF EXECUTION.
   When final judgment in ejectment has been rendered against persons in possession as officers of the state, execution will be enforced, as against a stranger who also claims to be in possession as a state officer, though he asserts that his possession was not acquired through or under the defendants.

2. SAME—LIS PENDENS.
   One who obtains possession of premises after entry of final judgment in ejectment against a prior possessor cannot rely on the failure to file a lis pendens, under Code Civ. Proc. S. C. § 153, as the suit was merged in the judgment, which became notice to all the world, before he obtained possession.

3. LIS PENDENS—PARTIES PROTECTED.
   Failure to file notice of lis pendens, under Code Civ. Proc. S. C. § 153, protects only subsequent purchasers or incumbrancers.

Samuel W. Melton (Wm. A. Barber, Atty. Gen., of counsel), for petitioner.

Wm. H. Lyles, for respondents.

SIMONTON, Circuit Judge. This is a case at law. The plaintiff in an action of ejectment against the defendants on the record obtained a verdict on 7th April, 1894, entered judgment thereon, and issued execution. Upon appeal to the circuit court of appeals of the Fourth circuit the judgment below was affirmed. 13 C. C. A. 160, 65 Fed. 731. The cause having been removed by certiorari into the supreme court of the United States, the whole record was reviewed in that court, and the judgment below again affirmed. 17 Sup. Ct. 770.

Proceeding to enforce his execution, the plaintiff is met with the petition of this petitioner. This petitioner sets out that he is the state commissioner under the dispensary law; that he is now, as such commissioner, in the possession of the real estate known as the

"Agricultural Hall," the subject of the action at law in this case; that he was not a party to that action; that he did not acquire possession under said defendants, but as the successor of J. T. Gaston, acting commissioner; that Tindal, the defendant, at the time of the commencement of the action, was secretary of state for the state of South Carolina, having, as such, control and custody of the property; that the other defendant was a watchman appointed to take care of the property; that Tindal's term of office expired January, 1895, and that the employment of Boyles also terminated, and that he is now dead; that neither at the time of the commencement of said action, nor during its progress, was notice of lis pendens filed any where; that the possession of the petitioner was not acquired through or under Tindal or Boyles. Then follow a number of paragraphs attacking the validity of the sale of this property in dispute, and of the title of plaintiff. He claims to be in possession of the property as a tenant, occupying the same in the conduct of the business of the state dispensary. The prayers are: First. For the judgment of the court whether the execution issued in this case will authorize any officer of this court to dispossess the petitioner. Second. If the court should so hold, then that judgment herein be stayed until the right of possession claimed, and now enjoyed by petitioner, be determined according to the forms and procedure of this court. Third. That the judgment be opened, and that the petitioner be let in as a party defendant, to answer his defense to this action as he may be advised, to be tried and determined in due course of procedure in said cause at law. Fourth. And for general relief.

As has been seen, the plaintiff in this case brought his action of ejectment. Under this action, he was compelled to sustain his title against the world, to stand upon the strength of that title alone. After a trial in this court, it was determined upon such proof that he was the owner of the property. In that action the defendants set up the defense that they were state agents, holding the property, not in their own right, but solely for the state; one of them, Mr. Tindal, being in possession, virtute officii, as secretary of state. This defense was overruled in the face of the proof of title in plaintiff. Now, we have another state officer alleging that he is in possession, and claiming that, because he is a state officer, he should not be disturbed, nor called upon to recognize the title of plaintiff. To aid him, he makes precisely the same questions which were made and overruled in the trial of Wesley against Tindal. It will be noted that the petitioner does not show by what authority he occupies this building, whether by an act of the legislature, or by any other authority. He simply says that he is a tenant. There is no reason why the prayer of his petition should be granted. Wesley against Tindal may not be res adjudicata as to this petitioner; but it is of the highest authority for this court upon the position that the title of Wesley is good as against any one who assumes the right to the possession of this property solely because he is a state officer. There is abroad a misapprehension upon this point. It seems to be supposed that one has only to say that he is acting for or by the authority of the state, and at once he secures for himself the rights

and immunities of the state. The state speaks authoritatively in her constitution, and through her legislature, and the legislature can speak with authority only through a concurrent resolution or a joint resolution, or an act, and these last two must be approved by the governor.

In the present case the legislature has spoken. All the property of the state not in public use was placed under the control of the sinking fund commission, who are authorized to sell the same, and the proceeds of such sale or sales are appropriated to the sinking fund of the state. Gen. St. 1882, §§ 60–63, and Acts Assem. 1883 (18 St. at Large, p. 380). In 1890 the commissioners of the sinking fund were authorized, empowered, and required to sell that certain building in the city of Columbia, with the lot on which it stands, known as the "Agricultural Hall," and the proceeds of the sale, it was directed, should be turned over to the trustees of Clemson College. 20 St. at Large, p. 707. Thus, the state, by its legislature, not only required the sale of this property, but also disposed of the proceeds of sale. Under this authority, solemnly adjudicated upon in this court, and decided to be ample, this property was sold, and, by the same adjudication, held rightfully sold to the plaintiff in this case. Where, then, is there room for any pretense that the petitioner or any one else is tenant of this building, and where is the authority to any one to lease it?

The petitioner, however, alleging that he does not claim through either the plaintiff or defendant, relies upon the fact that no notice of lis pendens was filed in this case. According to the petition, Mr. Tindal was in possession by authority of law in 1893, and his right of possession, under the operation of the act of the legislature, ceased when he went out of office, in 1895. The judgment of the court was entered on 7th May, 1894. That judgment was notice to all the world of the fact that it declared Wesley the owner of the property. When it was entered, the suit was no longer pending. The lis was merged in the judgment. Besides this, under section 153 of the Code of Civil Procedure, the failure to file notice of lis pendens protects only some subsequent purchaser or incumbrancer. The petitioner is neither a purchaser nor an incumbrancer; nor has he averred or shown that the party for whom he is tenant is either such purchaser or incumbrancer. The prayer of the petitioner is denied, and his petition dismissed.